IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TODD ALAN COSTON                                                                       PLAINTIFF

v.                              Civil No. 1:19-cv-01044

JOHN DOE JAILERS, Ouachita County
Detention Center; LIEUTENANT CAMARON
OWENS; SHERIFF DAVID NORWOOD;
JOHN DOE PHYSICIAN; and JOHN DOE NURSE,
Ouachita County Detention Center                            DEFENDANTS

## **ORDER**

Before the Court is Plaintiff's failure to obey a court order. Plaintiff Todd Alan Coston filed this 42 U.S.C. § 1983 action *pro se* on October 7, 2019. (ECF No. 1). However, Plaintiff failed to submit a completed *in forma pauperis* ("IFP") application with his complaint. (ECF No. 2). Specifically, Plaintiff failed to submit a certificate of account regarding his inmate account.

Consequently, on October 7, 2019, the Court ordered Plaintiff to either file a completed IFP application or pay the $400 filing fee for this case by October 28, 2019. (ECF No. 3). This order also informed Plaintiff that his complaint would be dismissed for failure to obey a court order if he failed to file the completed IFP application or pay the filing fee. To date, this order has not been returned to the Court as undeliverable, and Plaintiff has not submitted a completed IFP application or paid the filing fee.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules also state that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk
> and the other parties to the proceedings of any change in his or her address, to
> monitor the progress of the case, and to prosecute or defend the action diligently
> . . . If any communication from the Court to a *pro se* plaintiff is not responded to

within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the case at bar, Plaintiff has failed to obey a court order and either submit a completed IFP application or pay the filing fee in this case. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE**.

**IT IS SO ORDERED**, this 20th day of November 2019.

    /s/ Susan O. Hickey
    Susan O. Hickey
    Chief United States District Judge